## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

DANIELLE GRIMM, on behalf of herself and

others similarly situated,

                         Plaintiff,

      -against-

CHARTER COMMUNICATIONS, LLC.,

                       Defendant.

                               :
                               : Case No.: 1:25-cv-00603
                               : (AMN/PJE)

-----------------------------------------------------------------------X

## DEFENDANT CHARTER COMMUNICATION LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S OVERBROAD COLLECTIVE DEFINITION AND RELATED COLLECTIVE ALLEGATIONS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  PRELIMINARY STATEMENT ................................................................................... 1

II. ARGUMENT ............................................................................................................... 2

    A.  Plaintiff Has Not Sufficiently Pled a Collective Action. ....................................... 2

        i.  Contrary to Her Assertions, Plaintiff Cites Multiple Cases That Establish that She Is Required to Allege a Given Workweek. ...................................... 2

        ii. The FAC Never Identifies a Common Policy. ............................................... 4

        iii. The FAC Never Sufficiently Identifies Similarly Situated Employees. ........ 6

    B.  Plaintiff's Analysis of Several Cases is Mistaken................................................... 7

III. CONCLUSION .......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agerbrink v. Model Serv. LLC*,
    2015 U.S. Dist. LEXIS 77821 .................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................6

*Cortese v. Skanska Koch, Inc.*,
    No. 21-473, 2023 WL 8368858 (2d Cir. Dec. 4, 2023).........................................3

*Dejesus v. HF Mgmt. Servs., LLC*,
    726 F.3d 85 (2d Cir. 2013).....................................................................................3

*DeSilva v. North Shore-Long Island Jewish Health Systems., Inc.*,
    770 F. Supp. 2d 497 (E.D.N.Y. 2011) ..................................................................9

*In re Dizinno*,
    535 B.R. 73 (Bankr. M.D. Pa. 2015) ....................................................................7

*Drayton v. City of New York*,
    2020 U.S. Dist. LEXIS 83535 ...........................................................................4, 5

*Fridman v. GCS Computers LLC*,
    No. 17 CIV. 6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ......................8, 9

*Garcia v. Olamar Food Corp.*,
    2015 U.S. Dist. LEXIS 8143 .................................................................................4

*Govan v. Whiting-Turner Contracting Co.*,
    146 F. Supp. 3d 763 (D.S.C. 2015)......................................................................10

*Guzman-Reina v. ABCO Maint., Inc.*,
    2017 U.S. Dist. LEXIS 213558 ..........................................................................4, 5

*Harding v. Time Warner, Inc.*,
    No. 09CV1212WQH-WMC, 2010 WL 457690 (S.D. Cal. Jan. 26, 2010..............10

*Hodczak v. Latrobe Specialty Steel Co.*,
    No. 08-649, 2009 WL 911311 (W.D. Pa., March 31, 2009) ..................................7

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Cases**

*Lundy v. Cath. Health Systems of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013)................................................................................2, 3, 4

*Jones v. Casey's Gen. Stores,*
    538 F.Supp.2d 1094 (S.D.Iowa 2008) ...............................................................10

*Jung v. Gina Grp.,*
    LLC, 2020 U.S. Dist. LEXIS 118048 ................................................................4, 5

*Kattu v. Metro Petroleum, Inc.,*
    2013 U.S. Dist. LEXIS 110413 .............................................................................5

*Lamur v. Sunnyside Community. Services,*
    2012 U.S. Dist. LEXIS 113061 (preceded Lundy, which was issued in 2013).......................4

*Lindsey v. Unitrin Auto & Home Ins. Co.,*
    No. CV 08-127-DLB, 2010 WL 11640213 (E.D. Ky. Mar. 29, 2010).....................7

*Mariano v. Town of Orchard Park,*
    No. 09-CV-916S, 2011 WL 5979261 (W.D.N.Y. Nov. 27, 2011) ..........................9

*Mell v. GNC Corp.,*
    No. CIV.A. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010) .....................9, 10

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
    723 F.3d 192 (2d Cir. 2013)...................................................................................3

*Pickering v. Lorillard Tobacco Co.,*
    No. 2:10-CV-633-WKW, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011) ..................7

*Ramirez-Marin v. JD Classic Builders Corp.,*
    2017 U.S. Dist. LEXIS 161769 ..............................................................................4

*Sampson v. MediSys Health Network, Inc.,*
    No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012)...........6, 8

*Schnelle v. Chevron U.S.A.Inc.,*
    No. MO:20-CV-112-DC-RCG, 2021 WL 2773010 (W.D. Tex. Jan. 28, 2021) .......7

*Sydorowitz v. City of New York,*
    2022 U.S. Dist. LEXIS 50251 ...............................................................................3

*Watson Lab'ys, Inc.,*
    101 F.4th 223 (2d Cir. 2024) .................................................................................6

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Cases**

*Zhong v. Aug. Aug. Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007)..........................................................................................6

**Statutes**

Fair Labor Standards Act .......................................................................................3, 7, 9, 10

I.    **PRELIMINARY STATEMENT**

As set forth more fully below, Plaintiff's incredibly broad collective action claims should be dismissed because her Amended Complaint is absent of plausible allegations to support them. Plaintiff seeks a nationwide class action without any substantive description of how the class is similarly situated. She seeks to represent employees in 50 states based on allegations in one state, without naming a single employee other than herself. The common "policy" that purportedly unites this virtually anonymous class — breaking the law by not paying overtime — is void of any factual basis. Plaintiff has not identified any given workweek where she was not paid mandated overtime, as necessary based on controlling legal authority interpreting the statute Plaintiff claims Charter violated. It is apparent that Plaintiff cannot do so, and her opposition never attempts as much, clinging to the fiction that no requirement exists.

Plaintiff's series of inaccurate statements and confounding arguments attempting to bolster fundamentally flawed collective action claims are without merit. Although Plaintiff claims that it "borders on the frivolous" to state that she must identify a specific workweek in which she was underpaid, the Second Circuit Court of Appeals has consistently applied this standard to collective action claims for over a decade. And, while Plaintiff cites multiple cases that explicitly confirm this requirement, she erroneously suggests they support her understanding that there is no such requirement.

Plaintiff's other arguments are mere red herrings that fail to address the pervasive deficiencies in her Complaint. Despite already amending her Complaint, Plaintiff still cannot identify any common policy that applied to the putative class, relying instead on her naked and conclusory allegation that Charter violated the law. If all it took to allege a common policy was a statement that Defendant violated the law, every Complaint would satisfy this standard.

Plaintiff's argument that there is a carve-out to the plausibility standard also fails. Ignoring

her burden to plead and relying on a "ready, fire, aim" litigation approach, Plaintiff suggests, the Court should wait for another day to address whether Plaintiff can plausibly allege a nationwide class (despite referencing only one state), or learning whether any other employees can plausibly be similarly situated. Yet, a motion to dismiss determines whether the claims are plausible now, not later. The absence of any basis to support the breadth of the proposed class mandates dismissal here. Similarly, Plaintiff's argument that Charter misrepresented the law is without merit and based on her own misstatement of the law.

Finally, Plaintiff's admission that she needs another bite at the apple to allege willfulness for her collective action claim is simply an admission that her claim cannot survive dismissal. Plaintiff has already amended her complaint and remains unable to identify a single fact to support the claim of willfulness.

Ultimately, Plaintiff has failed to provide any basis to deny the instant motion. Plaintiff's request for collective adjudication or a nationwide class of unspecified employees based on an unspecified policy or practice should be dismissed.

## II.    ARGUMENT

### A.    Plaintiff Has Not Sufficiently Pled a Collective Action.

      i.    *Contrary to Her Assertions, Plaintiff Cites Multiple Cases That Establish that She Is Required to Allege a Given Workweek.*

Plaintiff makes a series of demonstrably false statements to support her conclusion that "no controlling legal authority" requires Plaintiff to identify a specific workweek in which a putative collective member worked overtime. (Dkt. 21 at 10)[1] (hereinafter "Pl. Opp."). In fact, since 2013 the Second Circuit Court of Appeals has repeatedly maintained this requirement. In *Lundy v. Cath.*

---

[1] Page numbers refer to the page number of the brief, not the page number of the PACER filing.

*Health Systems of Long Island Inc.,* the Second Circuit held as a matter of first impression, "that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013). The Second Circuit has reaffirmed *Lundy*'s holding repeatedly. *See, e.g., Cortese v. Skanska Koch, Inc.,* No. 21-473, 2023 WL 8368858, at *3 (2d Cir. Dec. 4, 2023); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013).

Plaintiff's assertion that there is a different pleading standard for collective action claims rather than individual claims, is similarly misplaced. The Second Circuit never articulated any such distinction in *Lundy*.[2] Further, *Lundy* itself affirmed dismissal of collective action claims. *Lundy*, 711 F.3d at 109–10 (noting that plaintiffs "sued on behalf of a purported class of similarly situated employees (collectively, 'the Plaintiffs') and take this appeal from orders of the [the District Judge], dismissing the claims asserted under the Fair Labor Standards Act").

Nonetheless, in support of this nonexistent distinction, Plaintiff cites a series of cases to support her allegation that "courts have repeatedly denied motions to dismiss collective action claims where the complaints *did not identify a specific week*." (Pl. Opp. at 11) (emphasis added). In reality, several of these cases *contradict* Plaintiff's argument because they cite the given workweek requirement from *Lundy* or *Dejesus* and then address how the plaintiff satisfied the requirement to survive dismissal. *See Sydorowitz v. City of New York*, 2022 U.S. Dist. LEXIS

---

[2] Plaintiff reiterates this supposed distinction between individual allegations and collective claims elsewhere in her Opposition. As Charter explains *supra* Section B, collective allegations necessarily rely on claims by individuals who are allegedly "similarly situated" to the class. The FAC illustrates this principle, noting "[t]he claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs." (Dkt. 9 at ¶ 11.) Plaintiff conflates the concept that collective action claims inherently rely on allegations by individual plaintiffs, with genuinely individual claims that do not apply across a similarly situated group, such as Counts Two-Ten, which are not at issue here.

50251, *6 (quoting *Dejesus* for the proposition that "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours" and concluding that plaintiff met the given workweek requirement by listing the week of February 16, 2020 in the Complaint); *Drayton v. City of New York*, 2020 U.S. Dist. LEXIS 83535, *6 (citing identical "given workweek" requirement from *Lundy* and concluding that plaintiff met the requirement by alleging nonpayment in October 2015); *Jung v. Gina Grp.*, LLC, 2020 U.S. Dist. LEXIS 118048, *7 (citing identical "given workweek" requirement from *Lundy* before concluding that plaintiff stated a plausible claim because she identified given workweeks); *Guzman-Reina v. ABCO Maint., Inc.*, 2017 U.S. Dist. LEXIS 213558, *7 (citing "particular workweek(s)" requirement based on *Lundy* before concluding that plaintiff met the requirement by "cit[ing] specific weeks"). Accordingly, Plaintiff's assertion that these cases "did not involve a specific week" is erroneous; each of these cases analyzes that requirement because it exists.[3]

ii.    *The FAC Never Identifies a Common Policy.*

In her Opposition, Plaintiff disregards her well-established pleading obligation and incorrectly suggests that her generic allegation of a "failure to pay an overtime premium to salaried collective members" is sufficient to avoid dismissal (Pl. Opp. at 8).[4] If the Court accepted her

---

[3] Plaintiff cites several other cases where there is no analysis of the given workweek requirement because it was (1) not at issue, (2) clearly alleged, or (3) the case preceded *Lundy*. See *Ramirez-Marin v. JD Classic Builders Corp.*, 2017 U.S. Dist. LEXIS 161769, *4 ("Defendants do not object to the magistrate judge's recommendation that the motion to dismiss the collective action claims be denied."); *Garcia v. Olamar Food Corp.*, 2015 U.S. Dist. LEXIS 8143, *2 (no analysis where plaintiff alleged that he worked approximately seventy-six hours each week between July 2007 and December 5, 2013); *Lamur v. Sunnyside Community. Services*, 2012 U.S. Dist. LEXIS 113061 (preceded Lundy, which was issued in 2013). Accordingly, these cases do not support Plaintiff's claim that the given workweek requirement is inapplicable.

[4] In a footnote, Plaintiff claims that there was another common policy of "forbidding all supervisors from reporting their actual hours worked." Pl. Opp. at 8 n.3. Plaintiff cites a paragraph that does not contain this allegation, but presumably refers to ¶ 16 of the FAC, which states that

position, *every* collective action overtime claim that merely suggests her boilerplate language void of detail should survive dismissal. However, it is well settled that empty allegations such as Plaintiff's should be dismissed. (*See* Dkt. 13-1 at 7-8, collecting cases).

Rather than addressing her deficient pleadings, Plaintiff cites a series of distinguishable cases where the underlying allegations were far more detailed than those included in the FAC. *See Jung*, 2020 U.S. Dist. LEXIS 118048, *11 (identifying common policy of minimizing labor costs); *Drayton*, 2020 U.S. Dist. LEXIS 83535, *6 (identifying common policy of miscalculating overtime rates by not taking into account differential payments based in part on policy and practice of delaying payment of wages beyond regular pay dates beginning in October 2015); *Guzman-Reina*, 2017 U.S. Dist. LEXIS 213558 at *11 (identifying common policy where Complaint alleged that "Defendant Ghazarian informed Plaintiff that from that date onward, he would not authorize compensation at any rate for any hours that she worked per week over forty . . . Defendants failed to properly pay Plaintiff for all of the hours that she worked, and instead intentionally paid her based on inaccurately-kept time records designed to obscure the total number of hours that Plaintiff worked per week"); *Agerbrink v. Model Serv. LLC*, 2015 U.S. Dist. LEXIS 77821, *20 (identifying common policies of failing to pay minimum wages to fit models, failing to overtime wages to fit models and/or making illegal deduction to fit models' wages); *Kattu v. Metro Petroleum, Inc.*, 2013 U.S. Dist. LEXIS 110413, *6 (noting "Plaintiffs have also fairly specifically alleged the number of hours that each plaintiff worked, and the amount of unpaid overtime compensation that each plaintiff is owed").

---

Charter "instructed Plaintiff, and all Supervisors like her" to submit timecards every two weeks that simply indicate whether she took time off. Even so, this cannot be a "common policy," because the putative class includes "call center facilitators[s]" and "call center representative[s]," who are not alleged to be supervisors "like" Plaintiff. (Dkt. 9, ¶ 10.)

Indeed, to have a viable claim, Plaintiff must identify a "single decision, policy or plan" that explains the common policy. *Sampson v. MediSys Health Network, Inc.*, No. CV 10-1342 SJF ARL, 2012 WL 3027850, at *17 (E.D.N.Y. Feb. 9, 2012), report and recommendation adopted as modified, No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012). Here, one can only guess which decision(s), polic(ies), and/or plan(s) account for Charter's alleged unlawful behavior, because she fails to identify any particular decision, policy or plan yielding unpaid overtime to any specific group of employees. As such, Plaintiff has not satisfied this requirement and her claim must be dismissed.

iii.    *The FAC Never Sufficiently Identifies Similarly Situated Employees.*

Although it is well settled that to avoid dismissal of a putative collective action, Plaintiff must identify "who those other employees are, and allege facts that would entitle them to relief," *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007), Plaintiff disregards that obligation and suggests she can address her deficiencies at the collective certification stage rather than the motion to dismiss stage. Yet there is no geographic carve-out under *Twombly* and *Iqbal* — the allegations must state a plausible claim to withstand dismissal. *See Watson Lab'ys, Inc.*, 101 F.4th 223, 235 (2d Cir. 2024) ("To withstand a motion to dismiss, the facts alleged must be sufficient to state a claim to relief that is plausible on its face. A facially plausible claim is one that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. At minimum, the allegations must raise a right to relief above the speculative level. When the court can infer only a mere possibility of liability, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.") (internal quotations and citations omitted).

Here, Plaintiff suggests the metaphysical possibility of other violations in other states, but fails to tender a single allegation that demonstrates as much, let alone any other violation applying to any other coworker in her own location. Rather than addressing this deficiency, Plaintiff merely

suggests that the Court defer decision to a later date.

In disregarding her duty to identify similarly situated employees, Plaintiff incredibly suggests she need not even identify similarity of job duties. Given that the threshold issue that will need to be addressed is whether Plaintiff was overtime exempt, it is impossible to consider a rational putative collective class absent a description of who would be similarly misclassified based on their job duties. Instead, Plaintiff suggests that this is a problem for another day, presumably so Plaintiff can embark in a discovery fishing expedition to craft a class that does not presently exist. That, however, disregards her pleading obligations and warrants dismissal of the collective claims. *See Schnelle v. Chevron U.S.A.Inc.*, No. MO:20-CV-112-DC-RCG, 2021 WL 2773010, at *3 (W.D. Tex. Jan. 28, 2021), report and recommendation adopted, No. MO:20-CV-112-DC, 2021 WL 2773008 (W.D. Tex. Mar. 7,2021) ("Plaintiff has failed to allege facts showing that the putative class members performed similar job duties."); *Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective action while noting "there is no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint.").

**B.      Plaintiff's Analysis of Several Cases is Mistaken.[5]**

Plaintiff's opposition is riddled with incorrect statements of cited case law to oppose the

_____

[5] Plaintiff claims that Charter falsely described *Hodczak*, which it cited once. (Pl. Opp. at 5). Two other federal courts concluded that *Hodczak* dismissed class action claims. *In re Dizinno*, 535 B.R. 73, 81 (Bankr. M.D. Pa. 2015) ("*See Hodczak v. Latrobe Specialty Steel Co.*, Civil Action No. 08–649, 2009 WL 911311, *9 (W.D.Pa., March 31, 2009) (dismissing class action complaint where discovery would merely 'serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded.')"); *Lindsey v. Unitrin Auto & Home Ins. Co.*, No. CV 08-127-DLB, 2010 WL 11640213, at *1 (E.D. Ky. Mar. 29, 2010)("*Hodczak v. Latrobe Specialty Steel Co.*, No. 08-649, 2009 WL 911311, at *9 (W.D. Pa., March 31, 2009)(dismissed class claims, finding plaintiffs failed to plead facts to support class claim)").

instant motion. (Pl. Opp. at 4-7).

For example, Plaintiff incorrectly states that in *Sampson v. Medisys Health Network Inc.* "the district court *explicitly overruled the recommendation* [of the Magistrate Judge] *that the collective allegations be dismissed*, finding that 'it is too early at this stage to conclude that plaintiffs will be unable to proceed on a collective basis.'" (Pl. Opp. at 4) (emphasis added). That is false. The District Court, in fact, agreed that Plaintiff's claims should be dismissed. The relevant point of distinction between the District Court and the R&R was whether such dismissal should be with or without prejudice. The District Court concluded that Plaintiff's complaint should be dismissed without prejudice: "Plaintiffs shall file a third amended complaint in accordance with this order within twenty (20) days of the date of entry of this order; *in the event they fail to do so, this case will be closed.*" *Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342 SJF ARL, 2012 WL 3027838, at *12 (E.D.N.Y. July 24, 2012) (emphasis added).

Plaintiff also claims that Charter incorrectly described certain decisions as dismissing collective actions, when the Court merely dismissed the cases because the named plaintiffs' individual claims were inadequately pled. Plaintiff's assertion that these cases "are irrelevant to this instant motion" because they relate to the "adequacy of Plaintiff's individual claims" belies the fact that all of these cases dismissed collective action allegations. (Pl. Opp. at 6.). For example, the Court in *Fridman* dismissed the complaint, including the collective claims, and merely

---

Nonetheless, it is unclear based on the docket sheet which of the two R&Rs apply – the January 23, 2009, R&R (Dkt. 57) dismissing the class claims (predating the March 9, 2009 text order vacating Part II.c.2) or the March 9, 2009, R&R (Dkt. 64), allowing the class claims to proceed. The Court initially adopted both Dkt. 64 and Dkt. 57 in separate orders on March 31, 2009, and then issued amended orders with respect to both on April 23, 2009 (Dkt. 67, 68, 69, 70). The language that Charter quoted appears in the version of the case published on Westlaw, which does not reference the March 9, 2009, text order omitting that language. Regardless, Charter also cited *Fridman* in the same paragraph for the same point.

included its collective action analysis in a footnote. *Fridman v. GCS Computers LLC*, No. 17 CIV.

6698, 2018 WL 1581990, at *4 n.4 (S.D.N.Y. Mar. 27, 2018). Similarly, the Court in *Mariano*

dismissed Plaintiff's first cause of action, which was Plaintiff's collective action claim, which the

Court described as a "putative collective action." *Mariano v. Town of Orchard Park*, No. 09-CV-

916S, 2011 WL 5979261, at *1-4 (W.D.N.Y. Nov. 27, 2011).[6] Further, Charter cited *DeSilva v.*

*North Shore-Long Island Jewish Health Systems., Inc.*, for the "policies" that allegedly applied to

all class members, whose collective claims were dismissed. 770 F. Supp. 2d 497, 507 (E.D.N.Y.

2011). In addition, Charter cited *Mell*'s analysis of "a pervasive system to control overtime expense"

that "Plaintiffs have alleged that Defendants adopted." *Mell v. GNC Corp.*, No. CIV.A. 10-945,

2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010). That "pervasive system" applied to "employees,"

not just the named plaintiffs, and the Court dismissed the entire Amended Complaint, including

the collective claims, with prejudice.

Nonetheless, Plaintiff's suggestion that dismissal of individual claims is irrelevant to

adjudication of collective claims is confounding. Collective/class actions necessarily rely on

allegations by individuals that are supposedly representative of the "similarly situated" class. As

Plaintiff herself alleges, "[t]he claims of Plaintiff stated herein *are essentially the same* as those of

the other FLSA Collective Plaintiffs." (Dkt. 9, ¶ 11) (emphasis added). Plaintiff appears to conflate

the notion that class allegations are premised on individual allegations with her genuinely

individual claims (counts Two-Ten), which she correctly notes are not at issue in this motion.

Nonetheless, the class claims, premised on Plaintiff's individual allegations, are squarely at issue

---

[6] Plaintiff correctly notes that the Court stated in a footnote that collective certification is not presently before the Court. That was because Defendant's motion to dismiss was before the court, which precedes certification. Nonetheless, this case still dismissed the collective action claim, which was plaintiff's first cause of action.

here.[7]

## III.    **CONCLUSION**

Plaintiff's incredibly broad and undefined collective action claims must be dismissed. She fails to identify any instance where any other employee is misclassified, and worked unpaid overtime, and due to a common policy. Despite already amending her complaint once, Plaintiff has yet to identify any such common misclassification, unpaid overtime and/or common policy within her own workplace, let alone anywhere else in the United States for this putative nationwide class. Plaintiff's "ready, fire, aim" litigation approach must be rejected, lest the Court accept pleadings so deficient that no similar complaint could be dismissed in the future. Given the pervasive deficiencies in Plaintiff's collective claims, Charter respectfully requests they be dismissed.

---

[7] Plaintiff incorrectly asserts that Charter mischaracterizes *Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094 (S.D.Iowa 2008), which Plaintiff claims "has nothing to do with the pleading standard for collective action claims." (Pl. Opp. at 6). Yet that is exactly how other federal courts describe Jones. *See, e.g,. Harding v. Time Warner, Inc.*, No. 09CV1212WQH-WMC, 2010 WL 457690, at *4 (S.D. Cal. Jan. 26, 2010) (describing *Jones* as holding that certain collective allegations "are too conclusory to satisfy the *Twombly* pleading standard"). Indeed, Defendant's characterization of *Jones* is virtually identical to how other federal courts have described the case. *Compare* (Dkt. 13-1 at 8) (describing *Jones* as "(dismissing FLSA collective action because allegation that assistant managers were not paid overtime, that the defendant 'regularly and repeatedly' failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was 'implausible on its face')"; *with Mell v. GNC Corp.*, No. CIV.A. 10-945, 2010 WL 4668966, at *6 (W.D. Pa. Nov. 9, 2010) (describing *Jones* as "(complaint alleging that assistant managers were not paid overtime, that the defendant 'regularly and repeatedly' failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was 'implausible on its face')."); *Govan v. Whiting-Turner Contracting Co.*, 146 F. Supp. 3d 763, 766 (D.S.C. 2015) (including functionally identical description). Accordingly, there is no reason to disregard any of these cases, despite Plaintiff's claims to the contrary.

- 10 -

Date: September 12, 2025

**THOMPSON COBURN LLP**

*Counsel for Defendant*
*Charter Communications, LLC.*

By:  /s/ *Laura M. Jordan*
      Laura M. Jordan
      Scott A. Budow

Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: 314.552.6469
Facsimile: 314.552.7000
ljordan@thompsoncoburn.com