UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIELLE GRIMM, on behalf of herself and
others similarly situated,

                      Plaintiff,

                                                    1:25-cv-00603 (AMN/PJE)

  v.

CHARTER COMMUNICATIONS, LLC,

                      Defendant.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**JOSEPH & KIRSCHENBAUM**             **DANIEL M. KIRSCHENBAUM, ESQ.**
45 Broadway – Suite 320                  **LEAH SELIGER, ESQ.**
New York, New York 10006
*Attorneys for Plaintiff*

**THOMPSON, COBURN LLP**              **LAURA M. JORDAN, ESQ.**
One US Bank Plaza
St. Louis, Missouri 63101

488 Madison Avenue                           **SCOTT BUDOW, ESQ.**
New York, New York 10022
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On May 13, 2025, Plaintiff Danielle Grimm filed a complaint against Defendant Charter Communications, LLC ("Charter"). Dkt. No. 1. On June 26, 2025, Plaintiff filed an amended complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law, the Family and Medical Leave Act, Section 1981 of the Civil Rights

Act, and the New York State Human Rights Law ("NYSHRL"), in connection with Plaintiff's employment at Charter. Dkt. No. 9 ("Amended Complaint").

On July 21, 2025, Defendant filed a partial motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 13 ("Motion"). Plaintiff opposed the Motion on August 29, 2025, *see* Dkt. Nos. 20, 21, and Defendant filed a reply in further support of the Motion on September 12, 2025. Dkt. No. 22. Accordingly, Defendant's Motion is now ripe for adjudication.

For the reasons set forth below, Defendant's Motion is denied.

## II.  BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record. *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

### A.  The Parties

Defendant is a Delaware corporation headquartered in Stamford, Connecticut with offices located in Albany, New York and throughout the United States. Dkt. No. 9 at ¶ 6. Defendant is a communications company that provides Internet, television, and phone services and is one of the largest cable operators in the United States. *Id.* Defendant has an annual revenue in excess of $500,000 and its employees are engaged in interstate commerce. *Id.* at ¶¶ 7-8. Defendant employs more than fifty employees within a seventy-five-mile radius of its Albany office. *Id.* at ¶ 6.

Plaintiff is a resident of Schenectady, New York and has been an employee of Charter in its Albany office since 2013. *Id.* at ¶ 9. In 2015, Plaintiff was promoted to the position of Inbound Sales Supervisor. *Id.* at ¶ 25. In 2018, Plaintiff transferred to the retail sales department, where

2

she remained until 2021. *Id.* at ¶ 26. In 2021, Plaintiff returned to her prior position as Inbound Sales Supervisor, the position which she currently holds. *Id.* at ¶ 29. Additionally, although Plaintiff holds a "supervisor" title, Plaintiff alleges that her role does not require her to exercise discretion, and she is not empowered to hire or fire employees. *Id.* at ¶ 38.

### B. Plaintiff's Amended Complaint

The Court presumes the Parties' familiarity with the facts as alleged in the Amended Complaint. *See generally id.* Plaintiff brings, among other claims, a collective action pursuant to Section 16(b) of the FLSA "on behalf of all individuals employed by Defendant in the United States in a salaried position as a call center supervisor, call center facilitator, call center representative or substantially similar position" on or after May 13, 2022 (hereinafter "FLSA Collective Plaintiffs"). *Id.* at ¶ 10. Plaintiff alleges that Charter violated the overtime provisions of the FLSA by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty hours per workweek. *Id.* at ¶ 151.

Plaintiff alleges that as an Inbound Sales Supervisor, she is paid a base salary without receiving overtime for any hours worked in excess of forty hours per workweek. *Id.* at ¶¶ 15, 37. In particular, Plaintiff alleges that Charter schedules Plaintiff for five nine-hour shifts per week. *Id.* at ¶ 17. Plaintiff further alleges that while Plaintiff is permitted to take a one-hour lunch break each day, Plaintiff rarely takes a full lunch break, and Charter does not track when or if she takes such breaks. *Id.* at ¶ 18. Additionally, Plaintiff alleges that she spends an additional five to twenty hours per week auditing the calls of sales agents and attending required meetings. *Id*. at ¶ 17.[1]

---

[1] Plaintiff alleges that each month she is required to audit four calls from each sales agent on her team, and up to twelve calls from sales agents on other teams. Dkt. No. 9 at ¶ 19. According to Plaintiff, over the past six years, she has had between eight and thirty-four sales agents on her team. *Id.* at ¶ 20.

While Plaintiff is required to submit timecards every two weeks, according to Plaintiff, she is not permitted to document her actual hours worked on the timecards. *Id.* at ¶ 16. Defendant instructs Plaintiff to indicate on the timecards only whether she took time off, such as sick leave or paid time off. *Id.* Plaintiff alleges that she and the FLSA Collective Plaintiffs "have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime." *Id.* at ¶ 11.

### C. Defendant's Motion

Defendant moves to dismiss the FLSA claim in the Amended Complaint because (i) Plaintiff fails to identify similarly situated employees; (ii) Plaintiff's allegations are insufficient to establish a collective action; and (iii) Plaintiff fails to identify a single week in which Plaintiff worked more than forty hours. Dkt. No. 13-1 at 9-14.[2] Additionally, Defendant contends that the statute of limitations with respect to Plaintiff's FLSA claim must be limited to two years because Plaintiff fails to allege facts indicating that Defendant's purported violations of the FLSA were willful. *Id.* at 14-16.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

4

conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (internal quotation marks omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

**IV.   DISCUSSION**

    **A. Collective Action**

Plaintiff has filed a putative collective action pursuant to Section 216(b) of the FLSA. Section 216(b) permits a plaintiff to bring an action "against any employer . . . [o]n behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). To implement this standard, courts have developed a two-step process: first, plaintiffs move to certify a collective

action, which "allows notice to be sent to potential similarly situated plaintiffs inviting them to opt in to the collective action"; and second, "after discovery is complete, defendants may move the court to decertify the collective action." *Guzman-Reina v. ABCO Maint., Inc.*, No. 17-cv-1299, 2018 WL 264102, at *4 (E.D.N.Y. Jan. 2, 2018) (citations omitted).

Defendant contends that Plaintiff fails to plausibly state a collective action pursuant to the FLSA because Plaintiff fails to identify any similarly situated employees and Plaintiff's references to common policies and practices are vague and conclusory. Dkt. No. 13-1 at 9-13. Plaintiff contends that Defendant's arguments regarding the proposed collective action are premature at the motion to dismiss stage and should instead be made at the class certification stage, and, in any case, the collective action has been adequately pled. Dkt. No. 21 at 12-15.

The Court agrees with Plaintiff. Plaintiff has not yet moved to certify the putative collective action. Thus, Defendant's arguments with respect to Plaintiff's collective action allegations are premature and would be more appropriate at the certification stage. *See Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 439 (W.D.N.Y. 2013) (holding that arguments "directed toward whether a class or collective action should be certified" should be considered in the certification context); *Guzman-Reina*, 2018 WL 264102, at *5 (same); *Sydorowitz v. City of New York*, No. 20-cv-9233, 2022 WL 836847, at *3 (S.D.N.Y. Mar. 21, 2022) (same); *Rotthoff v. N.Y. State Cath. Health Plan, Inc.*, No. 19-cv-4027, 2020 WL 5763862, at *4 (E.D.N.Y. Sept. 28, 2020) (same).

Moreover, the Court finds that Plaintiff has adequately pled a putative collective action. "To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." *Guzman-Reina*, 2018 WL 264102, at *4 (citation omitted). "A plaintiff can carry that burden . . . by

presenting substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Peck*, 915 F. Supp. 2d at 438 (internal quotation marks and citations omitted).

Here, Plaintiff provides factual allegations about the FLSA Collective Plaintiffs, namely that they are or were employed by Charter in a salaried position as a call center supervisor, call center facilitator, call center representative, or a substantially similar position, worked overtime on or after May 13, 2022, and were subject to the same policy that prohibits the reporting of all hours worked, including overtime, on timesheets.  Dkt. No. 9 at ¶¶ 10-11.  Thus, Plaintiff defines the group of Charter employees at issue, identifies the time period during which Charter allegedly withheld overtime wages, and provides Defendant with notice regarding the common decision, policy, or plan that allegedly subjected Plaintiff and the FLSA Collective Plaintiffs to an FLSA overtime violation.  *See, e.g.*, *Peck*, 915 F. Supp. 2d at 438 (finding that plaintiffs sufficiently stated an FLSA collective action claim by alleging that they and other putative class members were required to work extra hours in certain situations, were not paid for those hours, and were specifically prohibited from reporting all hours worked, including overtime, on their timesheets); *Kattu v. Metro Petroleum, Inc.*, No. 12-cv-54, 2013 WL 4015342, at *3 (W.D.N.Y. Aug. 6, 2013) (finding plaintiffs' collective action allegations sufficient at the motion to dismiss stage because plaintiffs "alleged generally that there are other persons similarly situated to plaintiffs, who were also employed by defendant . . . in similar positions, who worked overtime, but were not paid overtime wages").

Accordingly, while Defendant may contest the certification of a collective action once Plaintiff files a motion for certification, Plaintiff's allegations are sufficient at the pleading stage to permit the FLSA collective action claim to proceed.

### B. Overtime Claim

Pursuant to the FLSA's overtime provision, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 110 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). Defendant contends that Plaintiff fails to state an FLSA overtime claim with sufficient specificity because Plaintiff does not allege a specific workweek in which the putative class members worked more than forty hours. Dkt. No. 13-1 at 13-14. Plaintiff argues that she is not required to allege a specific workweek in which a putative collective member worked overtime. Dkt. No. 21 at 15-16.

"Determining whether a plausible [FLSA] claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679). The Second Circuit has considered the degree of specificity needed to state an FLSA overtime claim in a series of decisions. In *Lundy*, the Circuit concluded that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* (citing 29 U.S.C. § 207(a)(1)). The Circuit later explained in *DeJesus* that the plaintiffs in *Lundy* failed to allege an FLSA overtime claim "because of arithmetic," concluding that the court "could not get beyond forty hours in any given week" after accounting for all plausible factual allegations. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 88-89 (2d Cir. 2013). Likewise, in *DeJesus*, the plaintiff failed to "estimate her hours in any or all weeks or provide any other factual context or content," merely alleging that "in some or all weeks she worked more than

forty hours" without being paid overtime. *Id.* at 89 (internal quotation marks omitted).

That said, plaintiffs do not need to "keep careful records" of the number of hours they worked each week or "plead their hours with mathematical precision." *Id.* at 90. According to the Second Circuit in *Herrera*, if plaintiffs "plausibly allege that they worked more than forty hours per week as part of their regularly scheduled workweek, they have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023); *see also Mizzero v. Albany Med Health Sys.*, No. 23-cv-0548, 2024 WL 2078628, at *4 (N.D.N.Y. May 9, 2024) (noting that the Second Circuit concluded that allegations regarding regularly scheduled work shifts demonstrating that plaintiffs worked more than forty hours in their regular workweeks, "were sufficient by themselves to allege a plausible claim of overtime and no more was required" (citing *Herrera*, 84 F.4th at 115)). In such circumstances, plaintiffs "need only allege the period of time during which they were employed" while working that regular schedule. *Herrera*, 84 F.4th at 117; *see also Pichardo v. Hoyt Transp. Corp.*, No. 17-cv-3196, 2018 WL 2074160, at *6 (E.D.N.Y. Jan. 31, 2018) (noting that "the Second Circuit in *Lundy* did not hold that the mere mention of a 'typical' workweek schedule transforms an otherwise valid pleading into an invalid one").

Here, Plaintiff alleges that during the relevant statute of limitations period, her regularly scheduled work hours consisted of five nine-hour shifts per week, and according to Plaintiff, while Charter's policy allows Plaintiff to take a one-hour lunch break each day, Plaintiff rarely took a full lunch hour because of her workload. Dkt. No. 9 at ¶¶ 17-18. In addition to her regular shifts, Plaintiff further alleges that she spends an additional five to twenty hours per week auditing the calls of sales agents and attending required meetings, noting that she is required to audit four calls

per agent on her team and up to twelve calls from agents on other teams each month. *Id.* at ¶¶ 17, 19. Accordingly, Plaintiff has plausibly alleged with specificity that she has worked more than forty hours per week during the relevant time period.[3] *See, e.g.*, *Euson v. TRC Eng'rs, LLC*, No. 24-cv-1168, 2025 WL 2591847, at *5-6 (N.D.N.Y. Sept. 8, 2025) (finding that plaintiff sufficiently pled an overtime claim based on allegations of plaintiff's regular work hours of ten to twelve hours per day, five days per week); *Muhammad v. Alto Pharmacy LLC*, No. 23-cv-11315, 2024 WL 4042479, at *3, 6 (S.D.N.Y. Sept. 4, 2024) (same, except plaintiffs alleged regular work hours of eight to ten hours per day, six days per week).

### C. Statute of Limitations

"Claims for unpaid overtime compensation under the FLSA are generally subject to a two-year statute of limitations." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021) (citing 29 U.S.C. § 255(a)). However, if a plaintiff plausibly alleges a willful violation of the FLSA, the statute of limitations extends to three years. *See id.* at 323. "An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited' by the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). But "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." *Whiteside*, 995 F.3d at 323. "Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that

---

[3] "For time to qualify as a bona fide meal period which is uncompensated, an employee must be completely relieved from duty." *Aguilar v. Calexico Cinco LLC*, No. 22-cv-6345, 2024 WL 3837669, at *4 (E.D.N.Y. June 28, 2024) (internal quotation marks and citation omitted). "[A]n employee is not relieved if [s]he is required to perform any duties, whether active or inactive, while eating." *Herrera*, 84 F.4th at 116 (internal quotation marks and citation omitted). However, regardless of whether Plaintiff's lunch breaks are included in her nine-hour shifts, Plaintiff has still alleged with specificity that her regular work hours are in excess of forty hours per week.

10

exception to apply." *Id.*

Here, the Court finds that Plaintiff fails to sufficiently plead willfulness. As Defendant notes, "the simple recitation of the word 'willful' in the [Amended] Complaint is insufficient to satisfy this plausibility requirement." *White v. Living Res. Corp.*, No. 23-cv-430, 2024 WL 964225, at *2 (N.D.N.Y. Mar. 6, 2024) (citing *Whiteside*, 995 F.3d at 323). Plaintiff's assertions that Defendant willfully violated the overtime provisions of the FLSA, without more, are insufficient to plausibly plead willfulness. *See Lewis v. Pelham Country Club*, No. 23-cv-6500, 2024 WL 4275588, at *6 (S.D.N.Y. Sept. 24, 2024).

Plaintiff requests leave to file a second amended complaint to plead additional facts to demonstrate Defendant's willfulness. Dkt. No. 21 at 16. Although Plaintiff has already filed an amended complaint, given that this is the first decision concerning the merits of Plaintiff's claims, the Court grants Plaintiff's request seeking leave to amend. *See, e.g.*, *Sherr v. Bd. of Elections in City of N.Y.*, No. 23-cv-8693, 2024 WL 815696, at *3 (S.D.N.Y. Feb. 10, 2024) (granting plaintiff leave to amend in order to plead facts regarding willfulness), *report and recommendation adopted*, 2024 WL 814634 (S.D.N.Y. Feb. 27, 2024); *Lewis*, 2024 WL 4275588, at *10 (granting plaintiffs leave to file a second amended complaint to address pleading deficiencies, including with respect to willfulness). Accordingly, if Plaintiff wishes to file a second amended complaint alleging additional facts regarding willfulness, Plaintiff must do so within thirty days of the date of this Memorandum-Decision and Order.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's partial motion to dismiss, Dkt. No. 13, is **DENIED**; and the Court further

11

**ORDERS** that Plaintiff may file a second amended complaint within **thirty days** of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 2, 2026
      Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge